UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23392-BLOOM/Louis

BRYON JACKSON and MARIO MENA, JR.,

    Plaintiffs,

v.

ANHEUSER-BUSCH INBEV SA/NV, LLC
and MIAMI BEER VENTURES, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Unopposed Motion to Stay Discovery. ECF No. [53] ("Motion"). Defendants seek to stay discovery pending the Court's resolution of Defendant's anticipated motion to dismiss in response to Plaintiffs' forthcoming second amended complaint. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617,

at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

Here, the basis upon which Defendants move to stay discovery is their anticipated filing of a motion to dismiss once Plaintiffs file their second amended complaint, which Defendants believe will dispose of this action in its entirety. Defendants' argument relies upon *Chudasama v. Mazda Motor Corp.*, where the Court of Appeals for the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted).

As an initial matter, however, the Court does not find that Defendants have demonstrated that discovery would be unduly burdensome, much less made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. *See Montoya*, 2014 WL 2807617 at *2

(conclusory statements regarding burdensome discovery could not support stay); *Ray*, 2012 WL 5471793, at *3 (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay").

Moreover, Defendants' reliance on *Chudasama* is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed").

Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, here, Defendants have yet to file a motion to dismiss. This fact alone essentially renders *Chudasama* inapposite; without a motion to dismiss before it, there is nothing for the Court to take a "preliminary peek" at in order to determine if this case presents the kind of "especially dubious" claim faced by the *Chudasama* court such that

dismissal will avoid needless and extensive discovery. *See Ray*, 2012 WL 5471793, at *2. Indeed, the Court is unable to even assess the allegations that are at issue, as Plaintiffs have yet to file their amended pleading. Without the benefit of Plaintiffs' pleading and full briefing on Defendants' anticipated motion to dismiss, the instant Motion falls well short of placing the Court in a position to determine that a motion to dismiss by the Defendants would be both granted and case dispositive. *See Bocciolone*, 2008 WL 2906719, at *2 ("[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case."). The Court will address any motion to dismiss filed by Defendants in due course, but for now, discovery may proceed.

In sum, Defendants have not demonstrated good cause, the prejudice they will suffer, or anything exceptional about this case to warrant a stay of discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [53]**, is **DENIED**. The parties shall proceed with discovery, with all dates and deadlines remaining the same.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record